UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BAHIG BISHAY and MARY BISHAY, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil No. 18-12610-LTS |
| SUPREME JUDICIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS, et. al., | ) | |
| Defendants. | ) | |

ORDER ON MOTIONS TO DISMISS (DOCS. NO. 9, 22, 32, 44)

February 28, 2019

SOROKIN, J.

Bahig and Mary Bishay filed a pro se complaint against the seven justices of the Supreme Judicial Court of the Commonwealth of Massachusetts ("SJC"), Merrill Lynch Credit Corp ("Merrill Lynch"), Real Estate Growth Fund, LLC ("the Fund"), and three other individuals. Doc. No. 1. The complaint seeks declaratory and monetary relief for alleged violations of the Fifth and Fourteenth Amendments arising out of a decision rendered by the SJC in December 2018.

I.  BACKGROUND

Only a few facts are relevant to the resolution of this matter. The Court recites all facts in accordance with the standard applicable to a motion to dismiss, accepting as true all well-plead facts in the complaint. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

In 2010, the Bishays commenced an action in Massachusetts Land Court concerning the title to their property in Nantucket. Doc. No. 1 ¶ 19. After prolonged litigation involving

multiple appeals and an additional lawsuit, the Bishays received a final judgment from the SJC, which "declined to grant the relief sought" by the Bishayson December 3, 2018. Id. ¶ 48. The Bishays commenced this action on December 19, 2018 by filing a complaint. The complaint seeks a

> Declaratory Judgment holding that the Defendants indeed violated the 5th and 14th Amendments to the U.S. Constitution; Articles I, V, X, XI and XV of the Massachusetts Constitution; and that the Defendants abridged the Plaintiff's unfettered right to freely amend their Answer and Counterclaim pursuant to Rule 13 and Rule 15 of the Mass. and Fed. R. Civ. P., in the action brought in Nantucket District Court, No. 1288SU000029.

Id. ¶ 49. Additionally, the complaint seeks "[m]onetary relief including, without limitation, the payment of all damages the Plaintiffs sustained to date." Id. ¶ 50.

Merrill Lynch, the Fund, and the three individual defendants (Jon Freeman, Michael Guinta, and Peter Kyburg) moved to dismiss. Docs. No. 9, 22, 32, 44. The Bishays opposed each of the motions. Docs. No. 38, 39, 40, 46. The remaining defendants sought and received an extension of time until April 1, 2019 to file an answer or motion to dismiss. Docs. No. 29, 35.

II.     LEGAL STANDARD

Federal district courts lack subject-matter jurisdiction to review final determinations of a state court judicial proceeding. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see also Lance v. Dennis, 546 U.S. 459, 463 (2006) ("[U]nder what has come to be known as the Rooker–Feldman doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."). The Supreme Court has held that the Rooker–Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. "Rooker–Feldman squarely applies when a plaintiff insists that [a federal court] must review and reject a final state court

2

judgment," even when the complaint avoids explicitly asking the district court to do so. Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps., 471 F.3d 220, 223 (1st Cir. 2006). That is, a plaintiff cannot "evade the reach of the Rooker-Feldman doctrine by artful pleading." Klimowicz v. Deutsche Bank Nat'l Tr. Co., 907 F.3d 61, 65 (1st Cir. 2018).

III. DISCUSSION

In this case, the harm alleged by the Bishays in the complaint derives from the final decision rendered by the SJC in December 2018. Though the Bishays attempt to avoid the Rooker-Feldman doctrine by stylizing their harm as § 1983 claims, such artful pleading is not sufficient to confer subject-matter jurisdiction on this Court. The alleged constitutional violations all stem from decisions made by Massachusetts state courts, which were made final by the SJC in December 2018. Essentially, the Bishays assert that the SJC's decision, which declined further review of lower state court decisions, violated their right to due process under the Fifth and Fourteenth Amendments, the Massachusetts Constitution, and the Federal Rules of Civil Procedure. In order to resolve such claims in favor of the Bishays, this Court would be required to review and reject the decision rendered by the SJC. Such action falls squarely within the Rooker-Feldman doctrine. Accordingly, this Court does not have subject-matter jurisdiction to hear this action. The motions to dismiss are therefore ALLOWED, and the complaint is DISMISSED in its entirety, even as against those defendants who have not yet answered or moved to dismiss. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

As additional and independent grounds, the motions to dismiss are ALLOWED for the reasons expressed in each of the defendants' motions and accompanying memoranda.

IV.     CONCLUSION

The defendants' motions to dismiss, Docs. No. 9, 22, 32, and 44, are ALLOWED. The complaint is DISMISSED as against all defendants. The plaintiffs' motion for default judgment, Doc. No. 42, is DENIED as moot. Judgment shall enter in favor of all defendants, and against plaintiffs, on all claims. Each side shall bear its own fees and costs.

                                                SO ORDERED.

                                                /s/ Leo T. Sorokin
                                                Leo T. Sorokin
                                                United States District Judge